IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAMARC GARRETT, #Y-27943, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18-cv-02092−NJR |
| JACALEN LASHBROOK, | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Lamarc Garrett, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently housed at Menard Correctional Center ("Menard"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence in *State of Illinois v. Garrett*, No. 15-CF-1085-01. (Doc. 1). In February 2018, Garrett was convicted of first degree murder and sentenced to 65 years of imprisonment. *Id*. He filed this federal habeas action in lieu of a direct appeal or post-conviction petition in Illinois state court because, he explains, "they tak[e] too long." (Doc. 1, p. 3).

In the Petition, Garret challenges his state court conviction on grounds that include judicial incompetence, prosecutorial misconduct, and juror bias. (Doc. 1, pp. 5-9). He also argues that his sentence is excessive. (Doc. 1, p. 7). Petitioner filed numerous "supplements" to the Petition, in which he asserts claims of ineffective assistance of counsel (Doc. 5), evidence tampering (Doc. 6), and actual innocence (Docs. 7-9, 16). He also complains about the conditions of his confinement. (Docs. 6, 19).

This matter is before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Dismissal is warranted.

This Court has jurisdiction under 28 U.S.C. § 2254(a) to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a state court judgment on the ground that his custody violates the Constitution or laws or treaties of the United States. However, the law requires a petitioner to first exhaust his state court remedies or show cause and prejudice for failing to do so. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). Proper exhaustion requires a state prisoner to fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," the petitioner will not be deemed to have satisfied the exhaustion requirement. 28 U.S.C. § 2254(c).

Garrett has disclosed no efforts to exhaust his state court remedies prior to filing the instant Petition. On the contrary, Garrett affirmatively states that he has made no attempt to do so. (Doc. 1, pp. 2-3). When asked to explain why he did not file a direct appeal or post-conviction petition in state court, Garrett states, "Know why? . . . They taking too long." *Id*. He describes no other impediments to bringing a direct appeal or collateral proceeding. In other words, he still has the right to present his claims in state court as contemplated in Section 2254(c) but has failed to do so.

With that said, the Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and give rise to an independent due process claim under the Fourteenth Amendment. *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process); *Harris v. Champion*, 938 F.2d 1062 (10th Cir. 1991) (4-year delay in briefing appeal

excused state habeas petitioner from exhausting his state remedies). But Garrett has not raised a Fourteenth Amendment due process claim and could not do so, given his lack of effort to pursue relief in state court and the passage of only a few months between his conviction and his commencement of this action.

The Court finds that Garrett is not entitled to relief because he has failed to exhaust his state court remedies. The Petition is therefore dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The dismissal shall be without prejudice, leaving Garrett free to pursue federal habeas relief after he properly exhausts all available state court remedies. This Order also does not preclude Garrett from pursuing a separate suit in federal court for money damages or injunctive relief against those state officials who have subjected him to unconstitutional conditions of confinement. (*See* Docs. 6, 19). But Garrett must bring a separate action against these officials pursuant to 42 U.S.C. § 1983.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Docs. 1, 5-7, and 9) is **DISMISSED** without prejudice to any other habeas petition or civil rights action that Garrett wishes to file.

**IT IS FURTHER ORDERED** that the Motion for Attorney Representation (Doc. 4) is **DENIED**. Garrett disclosed no efforts to locate counsel to represent him before seeking the Court's help, and he does not require counsel given the straightforward nature of the Petition.

Should he desire to appeal this Court's decision dismissing his Petition, Garrett must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* The instant Petition has been dismissed without prejudice because the petitioner failed to exhaust his state court remedies prior to filing this federal habeas action. Except in special circumstances, such a dismissal without prejudice is not a final

3

appealable order, so a certificate of appealability is not required. *See Moore v. Mote,* 368 F.3d 754, 755 (7th Cir. 2004).

Further, pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3). Here, no reasonable jurist would find it debatable whether this Court's ruling on the failure to exhaust state judicial remedies was correct. Accordingly, a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 1/17/2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**